1  FRED W. ALVAREZ, State Bar No. 068115
   TROY A. VALDEZ, State Bar No. 191478
2  KWANG H. KIM, State Bar No. 233341
   WILSON SONSINI GOODRICH & ROSATI
3  Professional Corporation
   650 Page Mill Road
4  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
5  Facsimile: (650) 565-5100
   Email: falvarez@wsgr.com
6  Email: tvaldez@wsgr.com
   Email: kkim@wsgr.com
7  Attorneys for Defendant
   SAFECO INSURANCE COMPANY OF
8  AMERICA

9
                    UNITED STATES DISTRICT COURT
10
                 NORTHERN DISTRICT OF CALIFORNIA
11
                SAN FRANCISCO AND OAKLAND DIVISIONS
12

13
   KIRK LONG, individually, on behalf of all        )   CASE NO.: C 07 2746
14 others similarly situated, and on behalf of the   )
   general public,                                   )   **DEFENDANT SAFECO**
15                                                    )   **INSURANCE COMPANY OF**
                        Plaintiff,                    )   **AMERICA'S NOTICE OF MOTION**
16                                                    )   **AND MOTION TO DISMISS**
            v.                                        )   **PLAINTIFF'S COMPLAINT FOR**
17                                                    )   **FAILURE TO STATE A CLAIM**
   SAFECO INSURANCE COMPANY OF                        )   **UPON WHICH RELIEF CAN BE**
18 AMERICA,                                           )   **GRANTED (RULE 12(b)(6) AND**
                                                      )   **MOTION TO STRIKE (RULE 12(f));**
19                      Defendant.                    )   **MEMORANDUM OF POINTS AND**
                                                      )   **AUTHORITIES IN SUPPORT OF**
20                                                    )   **SAME [F.R.C.P. 12(b)(6) and 12(f)]**
                                                      )
21                                                    )   Date:   September 11, 2007
                                                      )   Time:   9:30 a.m.
22                                                    )   Dept:   Courtroom 11
                                                      )
23                                                    )   Before: Judge Martin J. Jenkins
                                                      )
24 _____

25

26

27

28

1

**TABLE OF CONTENTS**

2                                                                    **Page**

3    NOTICE OF MOTION AND MOTION ................................................................ 1

4    MEMORANDUM OF POINTS AND AUTHORITIES ................................... 2

5    I.     INTRODUCTION .................................................................................... 2

6    II.    STATEMENT OF ISSUES TO BE DECIDED ....................................... 3

7    III.   STATEMENT OF RELEVANT ALLEGED FACTS ............................. 3

8    IV.    LEGAL ARGUMENT ............................................................................. 4

9           A.    Standard Of Review ..................................................................... 4

10          B.    Plaintiff Fails to State a Claim as He Has Not Alleged an Actual Individual

11                Injury .......................................................................................... 5

                  1.    To Have Standing a Plaintiff Must Allege An Actual Injury ..................... 5
12
                  2.    Plaintiff Does Not Allege That He Has Performed Work For Which
13                      He Was Not Compensated .......................................................... 6

14          C.    The Court Should Refuse to Exercise Supplemental Jurisdiction Over
                  Plaintiff's State Law Claims ....................................................... 7
15
                  1.    Plaintiff Has Not and Cannot Allege Jurisdiction Under the Class
16                      Action Fairness Act ................................................................... 8

17                2.    The Court Should Refuse to Exercise Supplemental Jurisdiction
                        Over Plaintiff's Rule 23 Class Action Premised on Alleged
18                      Violations of the California Labor Code ...................................... 9

19                      a.    The FLSA and Rule 23 are Irreconcilably Incompatible ............. 10

20                            i.    Allowing the FLSA Collective Action and the Rule
                                   23 Class Action to Proceed in a Single Action Could
21                                 Result in Injustice ............................................................. 11

22                            ii.   Allowing The FLSA Collective Action And The Rule
                                   23 Action To Proceed In The Same Case Will
23                                 Require the Court to Manage Conflicting Procedural
                                   Tracks ............................................................................... 12
24
                        b.    The State Law Claims are Substantively Different From
25                            Plaintiff's FLSA Action and Predominate Over the Single
                              FLSA Cause of Action ...................................................... 13
26
     V.     CONCLUSION ...................................................................................... 14
27

28

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

### CASES

4 Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997) ........................................9

5 Beauperthuy v. 24 Hour Fitness USA, Inc., No. 06-0715 SC, 2006 WL 3422198
    (N.D. Cal. Nov. 28, 2006) ..........................................................................8

6

7 Branch v. Tunnell, 14 F.3d 449 (9th Cir. 1994), overruled on other grounds by
    Galbraith v. County of Santa Clara, 307 F.3d 1119, 1127 (9th Cir. 2002) ........................5

8 Chao v. A-One Med. Servs., Inc., 346 F.3d 908 (9th Cir. 2003) ................................11

9 Church v. Consol. Freightways, Inc., 137 F.R.D. 294 (N.D. Cal. 1991) ......................11

10 City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156 (1997)..............................10

11 Daimler Chrysler Corp. v. Cuno, __U.S. __, 126 S. Ct. 1854 (2006)..........................5-6

12 De Luna-Guerrero v. North Carolina Grower's Ass'n, Inc., 338 F. Supp. 2d 649
    (E.D.N.C. 2004) ........................................................................................14

13

14 Doe v. United States, 58 F.3d 494 (9th Cir. 1995)................................................5

15 Dooley v. Liberty Mut. Ins. Co., 307 F. Supp. 2d 234 (D. Mass. 2004)......................13

16 Edwards v. City of Long Beach, 467 F. Supp. 2d 986 (C.D. Cal. 2006) ......................13

17 Executive Software N. Am., Inc. v. District Court, 24 F.3d 1545 (9th Cir. 1994) ......................10

18 Flast v. Cohen, 392 U.S. 83 (1964)....................................................................5

19 Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989) ..................................3, 8, 10

20 In re Cornerstone Propane Partners, L.P., 355 F. Supp. 2d 1069 (N.D. Cal. 2005)......................5

21 Jackson v. City of San Antonio, 220 F.R.D. 55 (W.D. Tex 2003)..............................13

22 Joaquin v. Geico Gen. Ins. Co., No. C 07 3259 MMC, 2007 WL 1821403 (N.D.
    Cal. June 25, 2007)....................................................................................9

23 Kinney Shoe Corp. v. Vorhes, 564 F.2d 859 (9th Cir. 1977), overruled on other
    grounds by Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165 (1989) ..................3, 8, 11

24

25 LaChappelle v. Owens-Illinois, Inc., 513 F.2d 286 (5th Cir. 1975) ......................3, 8, 11

26 Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001) ........................................5

27 Leuthold v. Destination Am., Inc., 224 F.R.D. 462 (N.D. Cal. 2004) ......................10, 11, 12

28 McClain v. Leona's Pizzeria, Inc., 222 F.R.D. 574 (N.D. Ill. 2004) ..........................13

1  | _Navarro v. Block_, 250 F.3d 729 (9th Cir. 2001) ..................................................................5

2  | _Nursing Home Pension Fund v. Oracle Corp._, 380 F.3d 1226 (9th Cir. 2004)..............................5

3  | _O'Shea v. Littleton_, 414 U.S. 488 (1974) ..........................................................................6, 7

4  | _Overton v. Walt Disney Co._, 136 Cal. App. 4th 263 (2006) ..................................................13

5  | _Rilling v. Burlington N. R.R. Co._, 909 F.2d 399 (9th Cir. 1990) ............................................9

6  | _Rodriguez v. The Texan, Inc._, No. 01 C 1478, 2001 WL 1829490 (N.D. Ill. Mar. 7,
   | 2001).................................................................................................................................11

7  |

8  | _SEC v. Sands_, 902 F. Supp. 1149 (C.D. Cal. 1995), _aff'd sub nom. SEC v. First
   | Pac. Bancorp_, 142 F.3d 1186 (9th Cir. 1998) ......................................................................5

9  | _United States v. Hays_, 515 U.S. 737 (1995) ..........................................................................6

10 | _Wilkerson v. Butler_, 229 F.R.D. 166 (E.D. Cal. 2005) ..........................................................5

11 | **STATUTES**

12 | 28 U.S.C. § 1332(d)(2)........................................................................................................3, 8

13 | 28 U.S.C. § 1332(d)(5)(B) .....................................................................................................8

14 | 28 U.S.C. § 1367 ..................................................................................................................10

15 | 28 U.S.C. § 1367(c)(1)-(4)...................................................................................................10

16 | 28 U.S.C. § 2072(b) ...............................................................................................................9

17 | 29 U.S.C. § 201 _et seq._.........................................................................................................4

18 | 29 U.S.C. § 216(b) ...........................................................................................................7, 10

19 | Cal. Lab. Code § 226............................................................................................................14

20 | Cal. Lab. Code § 226.7.........................................................................................................14

21 | Cal. Lab. Code § 510............................................................................................................14

22 | Cal. Lab. Code § 512............................................................................................................14

23 | **RULES**

24 | Civ. L. R. 7-4........................................................................................................................3

25 | Fed. R. Civ. P. 11 ...............................................................................................................2, 7

26 | Fed. R. Civ. P. 12(b)(6).................................................................................................1, 2, 4, 7

27 | Fed. R. Civ. P. 12(f) ..........................................................................................................1, 3

28 | Fed. R. Civ. P. 23 ........................................................................................................_passim_

1

**MISCELLANEOUS**

2

Indus. Welfare Comm'n Order No. 4-2001 ...................................................................................14

3

Secretary of Labor Amicus Letter Brief in <u>Long John Silver's Rests., Inc. v. Cole</u>,
      No. 6:05-CV-3039 (Dec. 13, 2005)...........................................................................9

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# NOTICE OF MOTION AND MOTION

TO PLAINTIFF KIRK LONG AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT ON September 11, 2007 at 9:30 a.m. or as soon thereafter as the matter may be heard in the above-entitled Court located at 450 Golden Gate Ave., San Francisco, California, Defendant Safeco Insurance Company of America ("Safeco" or "Defendant") will and hereby does move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,[1] to dismiss Plaintiff Kirk Long's ("Plaintiff") Complaint ("Comp.") for failure to state a claim upon which relief can be granted, as well as to strike certain offending aspects of Plaintiff's Complaint under Rule 12(f). Specifically, Safeco moves to dismiss Plaintiff's Complaint in its entirety as Plaintiff has failed to plead any actual "injury in fact," and therefore, he does not have standing to pursue claims on his own behalf or behalf of anyone else. In addition, Safeco moves to dismiss Plaintiff's Class Action allegations premised on violations of California law and brought as a Rule 23 class action. Plaintiff's Rule 23 class action allegations are mutually exclusive from and irreconcilable with the substance and procedure of Plaintiff's collective action brought under the Fair Labor and Standards Act ("FLSA"). Moreover, Safeco moves to strike Plaintiff's Complaint to the extent that it seeks to apply the procedures of a Rule 23 class action to an FLSA collective action. This aspect of the Complaint's Request for Relief is not allowed as a matter of law. Finally, Safeco moves the Court to strike Plaintiff's Complaint to eliminate Plaintiff's reference to the Class Action Fairness Act ("CAFA"). Plaintiff has not pled facts or allegations sufficient to invoke the Court's original jurisdiction under CAFA.

This Motion is made and based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Proposed Order, the pleadings and papers on file with this Court, and such other and further matters as may be presented to the Court on or before the hearing on this matter.

---

[1] All further references to "Rules" will be to the Federal Rules of Civil Procedure unless otherwise noted.

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3    Pursuant to Rule 12(b)(6), Defendant moves to dismiss Plaintiff's Complaint because it is

4 lacking in a fundamental necessity for Plaintiff to invoke the power of the Court: standing.

5 Plaintiff's Complaint includes allegations regarding Safeco's claimed illegal policies and

6 practices, however, he fails to allege that he has specifically suffered any real and actual harm as

7 a result of these claimed policies. Without the pleading of an "injury in fact" the Court has no

8 power to even consider Plaintiff's lawsuit on his own behalf or on behalf of anyone else. Unless

9 Plaintiff, given the constraints and requirements of Rule 11, is able to plead facts sufficient to

10 allege an injury in fact, his lawsuit should not be allowed to proceed as pled.

11    In addition, Plaintiff pleads both a collective action under the FLSA on behalf of all Field

12 Examiners that Safeco has employed nationally over the three years prior to the filing of his

13 Complaint, and a Rule 23 class action on behalf of California Field Examiners who have worked

14 for Safeco over the four years prior to the filing of the Complaint (the Rule 23 action is premised

15 on California law). These two representative actions are incompatible and procedurally adverse

16 with one another and should not be allowed to proceed in a single action. The FLSA mandates

17 that any member of the putative collective action who wishes to participate in the suit and to

18 ultimately be bound by its judgment must affirmatively "opt in" to the litigation. Rule 23, on the

19 other hand, utilizes an "opt out" procedure for class participation through which members of the

20 putative class who do not affirmatively "opt out" are included in the class and are ultimately

21 bound by its results. Given that the FLSA collective group and the Rule 23 class are not

22 completely distinct,[2] allowing the two actions to proceed in a single lawsuit could nullify the

23 Congressional intent behind the FLSA's opt in procedures, as well as create a manageability

24 nightmare. Accordingly, the Court should dismiss Plaintiff's Rule 23 class action and the state

25

26    [2] Given that there are individuals, like Plaintiff (if he can plead an injury in fact), who would

27 be members of both the collective action and the Rule 23 class, a very real possibility of unjust
and inconsistent results exist if the two actions are allowed to proceed together.

28

-2-
3164991_3.DOC

1    claims that he pursues through it as a matter of law.[3]

2    **II.    STATEMENT OF ISSUES TO BE DECIDED**

3    Pursuant to Civil Local Rule 7-4, Defendant submits the following statement of issues to

4    be decided through Defendant's present motion:

5    1.    Should the Court dismiss Plaintiff's Complaint in its entirety because Plaintiff has

6    failed to plead facts sufficient demonstrating that he possesses standing?

7    2.    Should the Court dismiss Plaintiff's Rule 23 Class Action and the California state

8    causes of action that he pursues through it?

9    3.    Should the Court strike all references in Plaintiff's Complaint to the Court's

10   jurisdiction under the Class Action Fairness Act as Plaintiff has not and cannot plead facts

11   sufficient to meet the jurisdictional requirements of this statute?

12   4.    Should the Court strike all prayers requesting that the Court treat the FLSA

13   collective action under the procedures of Rule 23 because, as a matter of law, an FLSA collective

14   action cannot be treated as a Rule 23 class action?

15   **III.    STATEMENT OF RELEVANT ALLEGED FACTS**

16   Plaintiff alleges that Defendant Safeco has employed him since December 2005 as a

17   Field Examiner in Alameda County.  Comp. ¶¶ 3, 4.  "Field Examiners investigate and resolve

18   property and casualty claims by Safeco customers."  Comp. ¶ 6.  According to Plaintiff's

19   allegations, "Safeco's Field Examiners are not assigned to and do not perform work at any

20   regularly established Safeco office or worksite."  Comp. ¶ 7.  "Rather, Field Examiners perform

21

22   _____

        [3] In addition, Safeco requests that the Court strike specific allegations and prayers in
        Plaintiff's Complaint pursuant to Rule 12(f).  Specifically, Safeco request that the Court strike
23      Plaintiff's allegations concerning the Court's jurisdiction under the CAFA (28 U.S.C. §
        1332(d)(2)).  Plaintiff, rather than pleading facts that demonstrate that this case meets CAFA's
24      requirements, does just the opposite.  See Comp. ¶ 18 (only 40, rather than 100 employees in
        Plaintiff's proposed Rule 23 class).  Moreover, Safeco asks that the Court strike Plaintiff's prayer
25      to the extent that it seeks to apply Rule 23 procedures to his FLSA collective action.  This is
        inappropriate as a matter of law.  See Kinney Shoe Corp. v. Vorhes, 564 F.2d 859, 862 (9th Cir.
26      1977) ("The clear weight of authority holds that Rule 23 procedures are inappropriate for the
        prosecution of class actions under s 216(b)."), overruled on other grounds by Hoffman-LaRoche,
27      Inc. v. Sperling, 493 U.S. 165 (1989); LaChappelle v. Owens-Illinois, Inc., 513 F.2d 286, 289
        (5th Cir. 1975) (same).

28

1    their job duties at home offices and in the field." Id.  Plaintiff claims that "Field Examiners

2    regularly perform work at their home offices prior to traveling to their first appointment in the

3    field and after returning from their last appointment in the field." Id.  The crux of Plaintiff's

4    Complaint, and all of the causes of action contained therein, is that Safeco maintains "a policy

5    and practice of not compensating Field Examiners for time spent traveling from their home

6    offices to their first appointment in the field and for time spent traveling from their last

7    appointment in the field back to their home offices."  Comp. ¶ 8.

8        Based on this central allegation, Plaintiff brings a collective action under the FLSA on

9    behalf of the following collective class:

10       **Collective Class:**     All persons who are or have been employed by Defendant as
         Field Examiners within the United States at any time three years prior to the filing
11       of this Complaint, to the final disposition of this case.

12   Comp. ¶ 11.  Plaintiff also brings a Rule 23 class action premised on violations of the California

13   Labor Code and the California Business and Professions Code on behalf of the following

14   putative class:

15       **Proposed California Class:**  All persons who are or have been employed by
         Defendant as Field Examiners within the State of California at any time within four
16       years from the filing of this Complaint to the final disposition of this case.

17   Comp. ¶ 17.  Specifically, Plaintiff pursues a single cause of action on behalf of himself and the

18   collective class for failure to pay overtime in violation of the Fair Labor Standards Act (29

19   U.S.C. § 201 et seq.).  On behalf of the Rule 23 putative class, Plaintiff pursues the following

20   causes of action: (1) Unlawful failure to pay wages (California Labor Code); (2) Unlawful failure

21   to pay required overtime (California Labor Code and Wage Orders); (3) Failure to provide

22   itemized wage statements (California Labor Code); (4) Failure to provide rest breaks and meal

23   periods (California Labor Code); and (5) Unfair practice under the Unfair Competition Act

24   (California Business & Professions Code).

25       This Motion is Safeco's initial response to Plaintiff's Complaint.

26   **IV.    LEGAL ARGUMENT**

27       **A.    Standard Of Review**

28       A motion to dismiss under Rule 12(b)(6) is designed to test the legal sufficiency of a

1   plaintiff's claims.  In re Cornerstone Propane Partners, L.P., 355 F. Supp. 2d 1069, 1075 (N.D.

2   Cal. 2005); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Where a plaintiff can prove no

3   facts in support of his stated claims that would entitle him to relief, the court should dismiss the

4   cause of action.  Nursing Home Pension Fund v. Oracle Corp., 380 F.3d 1226, 1229 (9th Cir.

5   2004).  In ruling on a Rule 12(b)(6) motion to dismiss, a court may consider both the pleadings

6   as well as documents specifically referred to in the pleadings.  Branch v. Tunnell, 14 F.3d 449,

7   554 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d

8   1119, 1127 (9th Cir. 2002).

9        Moreover, a court may properly dismiss a plaintiff's claims without leave to amend

10  where the plaintiff "cannot possibly win relief" on his stated claims.  Lee v. City of Los Angeles,

11  250 F.3d 668, 683 n.7 (9th Cir. 2001); Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)

12  (leave to amend is not proper where the pleadings cannot be cured by alleging other facts).  As

13  set forth below, there are numerous defects in Plaintiff's complaint that justify dismissal of his

14  Complaint.

15        In addition, Defendant requests that this Court strike specific portions of Plaintiff's

16  complaint which are improperly pled as a matter of law.  A motion to strike may be used to strike

17  a prayer for relief where it is defective as a matter of law.  Wilkerson v. Butler, 229 F.R.D. 166,

18  172 (E.D. Cal. 2005).  A motion to strike allows litigants to address defects or objections to a

19  pleading that cannot be addressed by a motion to dismiss.  The grounds for a motion to strike

20  must appear on the face of the pleading under attack.  SEC v. Sands, 902 F. Supp. 1149, 1165

21  (C.D. Cal. 1995), aff'd sub nom. SEC v. First Pac. Bancorp, 142 F.3d 1186 (9th Cir. 1998).

22  **B.    Plaintiff Fails to State a Claim as He Has Not Alleged an Actual Individual
        Injury**

23

24        **1.    To Have Standing a Plaintiff Must Allege An Actual Injury**

25        In order to invoke the powers of a federal court, a plaintiff must allege an actual case or

26  controversy.  Flast v. Cohen, 392 U.S. 83, 94-101 (1964).  "The 'core component' of the

27  requirement that a litigant have standing to invoke the authority of the federal court 'is an

28  essential and unchanging part of the case or controversy requirement of Article III.'"  Daimler

1   Chrysler Corp. v. Cuno, _ U.S._, 126 S. Ct. 1854, 1861 (2006).  Plaintiff bears the burden, as

2   the party seeking to have the Court invoke its jurisdiction, to "clearly allege facts demonstrating

3   that he is a proper party to invoke judicial resolution of the dispute."  United States v. Hays, 515

4   U.S. 737, 743 (1995).  To satisfy his burden, Plaintiff must allege "some threatened or actual

5   injury resulting from the putatively illegal action before a federal court may assume jurisdiction."

6   O'Shea v. Littleton, 414 U.S. 488, 493 (1974).  This requirement is not altered in the context of a

7   class action.  Id. at 494.  A litigant hoping to represent a class of plaintiffs in federal court must

8   demonstrate that he himself has suffered an "injury in fact" in order to invoke federal jurisdiction

9   on behalf of himself and others.  Id.  Plaintiff, in the Complaint at bar, has not satisfied his

10  burden.

11              **2.      Plaintiff Does Not Allege That He Has Performed Work For Which
                          He Was Not Compensated**

12

13          Plaintiff's Complaint is premised on the theory that "Safeco [maintains] a policy and

14  practice of not compensating Field Examiners for time spent traveling from their home offices to

15  their first appointment in the field and for time spent traveling from their last appointment in the

16  field."  Comp. ¶ 8.  Indeed, each of Plaintiff's causes of action, under both state and federal law,

17  are premised on this central theory.  Conspicuously lacking, however, is any allegation that

18  Safeco has illegally deprived Plaintiff himself of any compensation for work performed.

19          Instead, Plaintiff pleads the following general allegations that lack any claim of personal

20  injury suffered by him at the hands of Safeco:

21          Throughout the class period, Safeco has maintained a policy and practice of not
            compensating Field Examiners for time spent traveling from their home offices to
22          their first appointment in the field and for time spent traveling from their last
            appointment in the field back to their home offices.  Safeco instructs Field
23          Examiners to exclude this time when reporting the hours worked on their time
            records.

24

25  Comp. ¶ 8.  And:

26          Safeco requires Plaintiff and its other Field Examiners to work a total of 7.75 hours
            each workday.  The time Field Examiners spend traveling from their home offices
27          to their first appointment in the field and from their last appointment in the field to
            their home offices normally exceeds .25 hours, and may amount to 1.5 hours or
28          more.  Safeco does not pay Field Examiners overtime wages when the total time

spent working in at their home offices, in the field, and traveling to and from the field amounts to more than eight hours in one day or 40 hours in one week.

Comp. ¶ 9.  And:

Safeco also has a policy and practice of denying Field Examiners required meal and rest periods.

Comp. ¶ 10.  Plaintiff, however, does not allege that he has performed work that Safeco did not compensate him for or that Safeco denied him meal or break periods.  Indeed, the only allegations within the Complaint that are specific to Plaintiff are that he is a resident of Alameda County and that he has been employed by Safeco since December 2005.  Comp. ¶ 4.  General allegations of injuries suffered by a putative class are not sufficient to confer Plaintiff with the standing necessary to invoke this Court's jurisdiction.  O'Shea, 414 U.S. at 495.  Rather, Plaintiff must plead an actual and personal injury that he has suffered at the hands of Safeco.  Id. at 494. As Plaintiff has not alleged such an injury he does not have standing to bring this case. Accordingly, Safeco's Rule 12(b)(6) motion must be granted.[4]

**C.    The Court Should Refuse to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims**

Plaintiff pleads a collective action under the FLSA, as well as a Rule 23 class action premised on violations of the California Labor Code.[5]  These two types of cases cannot co-exist together in a single action.  Congress, in allowing collective actions through the FLSA, created a scheme whereby individuals would only have their rights adjudicated if they affirmatively "opted in" to an action.  29 U.S.C. § 216(b).  Under Rule 23, however, any potential putative class

---

[4]  Safeco does not believe that Plaintiff's failure to plead a personal injury is an oversight. Therefore, given the requirements of Rule 11, Safeco is confident that Plaintiff will be unable to amend his complaint to plead the necessary injury in fact.

[5]  While Plaintiff pleads both a collective action under the FLSA and a Rule 23 class action premised on the California Labor Code, his prayer for relief requests that the Court certify both claims under Rule 23.  [Specifically, under subsection "A" of his prayer, Plaintiff makes the following request: "That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure."]  It is inappropriate to apply Rule 23 class procedures to an FLSA collective action.  See Kinney Shoe Corp., 564 F.2d at 862 ("The clear weight of authority holds that Rule 23 procedures are inappropriate for the prosecution of class actions under s 216(b)."); LaChappelle, 513 F.2d at 289 (same).  For this reason, Plaintiff's inappropriate prayer must be stricken.

1   member who does not affirmatively opt out of the proposed class will have his rights adjudicated

2   through the representative action.  See LaChappelle v. Owens-Illinois, Inc., 513 F.2d 286, 289

3   (5th Cir. 1975) ("In a Rule 23 proceeding a class is described; if the action is maintainable as a

4   class action, each person within the description is considered to be a class member and, as such,

5   is bound by judgment, whether favorable or unfavorable, unless he has 'opted out' of the suit.").

6   "It is well established that FLSA collective actions and Rule 23 class actions are 'mutually

7   exclusive,' and, as so, provisions of Rule 23 do not apply to FLSA collective actions."

8   Beauperthuy v. 24 Hour Fitness USA, Inc., No. 06-0715 SC, 2006 WL 3422198, at * 4 (N.D.

9   Cal. Nov. 28, 2006); citing Kinney Shoe Corp. v. Vorhes, 564 F.2d 859, 862-63 (9th Cir. 1997),

10  overruled on other grounds by Hoffman-LaRoche, Inc. v. Sperling, 493 U.S. 165 (1989); see also

11  LaChappelle, 513 F.2d at 289 (FLSA collective actions and Rule 23 class actions "are mutually

12  exclusive and irreconcilable.").  Given the irreconcilable differences between these two claims,

13  the Court should dismiss Plaintiff's Rule 23 class action claims (Plaintiff's California claims) for

14  several reasons.

15              **1.    Plaintiff Has Not and Cannot Allege Jurisdiction Under the Class
                       Action Fairness Act**

16

17          Plaintiff, in attempt to create original jurisdiction over his state law claims, pleads that the

18  Court has original jurisdiction under 28 U.S.C. section 1332(d)(2), which is the relatively new

19  Class Action Fairness Act ("CAFA").  Comp. ¶ 1.  Plaintiff, however, fails to meet the very

20  specific requirements necessary to invoke jurisdiction under CAFA.

21          In order to invoke jurisdiction under CAFA, a plaintiff must allege that the proposed

22  class consists of at least 100 members (28 U.S.C. § 1332(d)(5)(B)) and that the total amount in

23  controversy exceeds $5,000,000.  28 U.S.C. § 1332(d)(2).  Failure to meet both of these

24  requirements prevents a court from exercising jurisdiction under CAFA.  28 U.S.C. § 1332(d)(2).

25  Plaintiff's Complaint fails to meet either of CAFA's prerequisites.

26          Instead, Plaintiff expressly pleads himself out of CAFA jurisdiction by making it clear

27  that the California class he purports to represent only consists of "over 40 employees and former

28  employees . . ."  Comp. ¶ 18.  This is far short of the 100 class members required by CAFA.

1    As for the $5,000,000 amount in controversy required by CAFA, Plaintiff does not even

2    bother to attempt to satisfy this requirement through his Complaint.  The closest that Plaintiff

3    comes to meeting the CAFA amount in controversy requirement is through alleging that the

4    collective, not the class action members suffered "significant damages."  Comp. ¶ 15.  This

5    vague and general allegation is not sufficient to invoke CAFA jurisdiction over the Rule 23 class

6    action claims.  Rilling v. Burlington N. R.R. Co., 909 F.2d 399, 400 (9th Cir. 1990); see also

7    Joaquin v. Geico Gen. Ins. Co., No. C 07 3259 MMC, 2007 WL 1821403 (N.D. Cal. June 25,

8    2007) (dismissing plaintiff's complaint for failure to allege her case met necessary amount in

9    controversy requirement).  Therefore, given Plaintiff's failure, and inability to plead that his class

10    action meets the requirements of CAFA, this Court cannot exercise original jurisdiction over

11    Plaintiff's state law claims.  Accordingly, all references to jurisdiction under CAFA must be

12    stricken from Plaintiff's Complaint.[6]

13    The Court Should Refuse to Exercise Supplemental Jurisdiction Over Plaintiff's Rule 23

14    Class Action Premised on Alleged Violations of the California Labor Code[7]

15    Because of the lack of original jurisdiction over Plaintiff's Rule 23 class action and the

16    California Labor Code claims upon which it is premised, Plaintiff can only ask this Court to

17

18    [6] Specifically, Paragraph 1 of the Complaint must be stricken to delete reference to
19    jurisdiction under CAFA.

20    [7] In addition, Plaintiff's conflicting pleading arguably violates the Rules Enabling Act.  The
Rules Enabling Act mandates that procedural and practical rules "shall not abridge, enlarge or
21    modify any substantive right."  28 U.S.C. § 2072(b).  Under the FLSA, Congress provided
employees with the substantive right to avoid having their claims adjudicated unless they
22    affirmatively "opt in" to a dispute.  See, e.g., Secretary of Labor Amicus Letter Brief in Long
John Silver's Rests., Inc. v. Cole, No. 6:05-CV-3039 (Dec. 13, 2005) at 1 (stating that the FLSA
23    "grants employees a distinct substantive right to participate in a collective adjudication of their
claims if, and only if, they provide a written consent that is filed in court"), available at
24    http://www.dol.gov/sol/media/briefs/LJSbrief-12-13-2005.htm.  The Federal Rules of Civil
Procedure, including Rule 23, on the other hand, create no substantive rights.  Amchem Prods.,
25    Inc. v. Windsor, 521 U.S. 591, 613 (1997) ("Rule 23's requirements must be interpreted in
keeping with Article III constraints, and with the Rules Enabling Act.").  Allowing a Rule 23
26    class action to proceed simultaneously with an FLSA collective action, specifically given the
overlapping classes, jeopardizes the substantive rights of putative collective action members to
27    only be bound by a judgment that they affirmatively "opt in" to.  For this additional reason, the
Court should refuse to exercise jurisdiction over the state law claims Plaintiff seeks to adjudicate
28    as a Rule 23 class action.

1    exercise supplemental jurisdiction under 28 U.S.C. section 1367.  The Court should refuse to

2    extend its supplemental jurisdiction over Plaintiff's California claims.  These state law claims

3    Plaintiff pursues as a Rule 23 class action are both procedurally and substantively incompatible

4    with the FLSA collective action that he pursues.  Moreover, the five California causes of action

5    numerically and substantively predominate over the single FLSA claim.  These factors justify the

6    Court's declination to extend its supplemental jurisdiction in the instant matter.

7         Under 28 U.S.C. section 1367, courts may exercise their discretion to not invoke federal

8    supplemental jurisdiction where: (1) the state law claims involve novel or complex issues of state

9    law; (2) the state law claims substantially predominate over the claims upon which the court's

10   original jurisdiction is based; (3) the district court has dismissed the claims on which its original

11   jurisdiction was based, or (4) "in exceptional circumstances, there are other compelling reasons

12   for declining jurisdiction."  28 U.S.C. § 1367(c)(1)-(4).  Supplemental jurisdiction is a doctrine

13   of discretion, not of plaintiff's right . . ."  <u>City of Chicago v. Int'l Coll. of Surgeons</u>, 522 U.S.

14   156, 172 (1997).  While the exception and not the rule, supplemental jurisdiction may be

15   declined on the basis of "judicial economy, convenience, fairness to the parties and comity . . ."

16   <u>Executive Software N. Am., Inc. v. District Court</u>, 24 F.3d 1545, 1552-55 (9th Cir. 1994).  In the

17   case at bar, numerous grounds exist for the Court to refuse to exercise its supplemental

18   jurisdiction.

19              **a.      The FLSA and Rule 23 are Irreconcilably Incompatible**

20        As demonstrated above, FLSA collective actions are fundamentally at odds with Rule 23

21   class actions.  Under the FLSA, employees are granted the right to only be bound by suits that

22   they affirmatively "opt in" to.  29 U.S.C. § 216(b); <u>see</u> <u>also</u> <u>Hoffmann-LaRoche, Inc.</u>, 493 U.S.

23   at 173 (Congress created the opt-in procedure "for the purpose of limiting private FLSA

24   plaintiffs to employees who asserted claims in their own right and freeing employers from the

25   burden of representative actions.").  By contrast, under Rule 23, a litigant is required to take

26   affirmative steps (opting out) to avoid being bound by any judgment.  <u>Leuthold v. Destination</u>

27

28

1  <u>Am., Inc.</u>, 224 F.R.D. 462, 469-70 (N.D. Cal. 2004).[8]  These differences make FLSA collective

2  actions and Rule 23 class actions "mutually exclusive and irreconcilable."  <u>LaChapelle</u>, 513 F.2d

3  at 289.  Because of these differences and the impact that they will have on this litigation, the

4  Court should dismiss Plaintiff's state law claims.

5                    i.    **Allowing the FLSA Collective Action and the Rule 23**
                           **Class Action to Proceed in a Single Action Could Result**
6                          **in Injustice**

7        For current and former Safeco employees who are both members of the "Proposed

8  California Class" and the FLSA collective action, allowing this case to proceed as Plaintiff has

9  pled it, creates the potential for injustice.  This is particularly true with respect to potential

10  plaintiffs' FLSA rights.  The rights of employees to not have their FLSA rights adjudicated

11  unless they affirmatively opt in to litigation would be "thwarted if a plaintiff were permitted to

12  back door the shoehorning in of unnamed parties through the vehicle of calling upon similar

13  statutes that lack such an opt-in requirement."  <u>Leuthold</u>, 224 F.R.D. at 470 (quoting <u>Rodriguez</u>

14  <u>v. The Texan, Inc.</u>, No. 01 C 1478, 2001 WL 1829490, at *2 (N.D. Ill. Mar. 7, 2001)).  A

15  potential member of the FLSA action who did not affirmatively opt-in to the collective action

16  might still have her claims adjudicated and potentially be left with no actionable rights under the

17  FLSA or any other statute, where he also affirmatively did not opt out of the Rule 23 class

18  action.  As the FLSA and California Labor Code claims arise out of same transactional nucleus

19  of facts (employment with Safeco) res judicata could foreclose collective action members from

20  being able to litigate any of their rights even where they did not opt in to the FLSA action.  Their

21  failure to opt out of the Rule 23 class action would bind FLSA collective action members with

22  respect to their California claims and potentially their FLSA rights as well.  See <u>Chao v. A-One</u>

23  <u>Med. Servs., Inc.</u>, 346 F.3d 908, 920-22 (9th Cir. 2003)( holding Secretary of Labor precluded

24  _____

25      [8]  Rule 23 class action requirements (specifically the opt out mechanism) cannot be applied
     to FLSA collective actions.  <u>Church v. Consol. Freightways, Inc.</u>, 137 F.R.D. 294, 305 (N.D.
26  Cal. 1991) ("[t]he clear weight of authority holds that Rule 23 procedures are inappropriate for
     the prosecution of class actions under 216(b)") (quoting <u>Kinney Shoe Corp.</u>, 564 F.2d at 862).
27  Therefore, Plaintiff's attempt to have all of his claims proceed as a class action under Rule 23
     should be stricken.  See Prayer to Complaint, No. A.

28

1   by res judicata from pursuing FLSA unpaid overtime claims on behalf of employee who

2   previously pursued payment for overtime through counter-claim in a small claims proceeding).

3   This certainly is reason enough for the Court to refuse to exercise its supplemental jurisdiction.

4   Accordingly, Plaintiff's California claims and the Rule 23 class action premised on them should

5   be dismissed.

6           **ii.    Allowing The FLSA Collective Action And The Rule 23**
                     **Action To Proceed In The Same Case Will Require the**
7                    **Court to Manage Conflicting Procedural Tracks**

8           Procedurally, FLSA collective actions proceed on a different track than Rule 23 class

9   actions.  In an FLSA collective action, courts must determine whether the proposed lead plaintiff

10  and the proposed collective group are similarly situated for purposes of their FLSA claims.

11  Leuthold, 224 F.R.D. at 466.  This typically involves following a two-tiered approach, whereby

12  the court, preliminarily, determines whether the proposed collective group should be given notice

13  of the case and a chance to opt-in to the proceedings.  This preliminary determination is

14  generally made under a fairly lenient standard and often results in conditional class certification.

15  Then, after the completion of discovery but before trial, the party opposing class certification

16  may move to decertify the class.

17          Rule 23 class actions, however, operate on a different track.  In a Rule 23 class action, the

18  parties generally engage in a substantial amount of pre-certification discovery.  Once this

19  discovery is completed, the party seeking to obtain class status then makes a motion for

20  certification through which they attempt to prove that the elements required by Rule 23 are met.

21  There is generally no notice of the pending action sent to proposed class members until after a

22  class has been certified.[9]

23

24          [9]  The practical impact of laypersons receiving two different notices at two different times
    should not be overlooked.  At one point in the litigation potential collective action members will
25  receive a notice telling them that they have to affirmatively act to be a part of the case.  This will
    later be followed up by a notice to the Rule 23 putative class members telling them just the
26  opposite.  Certainly, given that the claims address the same issues, their employment and
    compensation with Safeco, these dueling notices will lead to confusion rather than informed and
27  clear decisions by class members with respect to their important rights.

28

1    Allowing Plaintiff to prosecute both an FLSA collective action and Rule 23 state law

2    class action simultaneously will throw these different and incompatible procedural mechanisms

3    into conflict with one another.  The Court will be required to manage these two different animals

4    as they proceed through the various stages of litigation.  Moreover, as explained above, to the

5    extent that both mechanisms implicate the rights of the same individuals, those individuals'

6    substantive rights under the FLSA are put at risk.  Because these conflicting schemes will create

7    inconvenience for the Court and the parties, and the very real possibility of confusion and

8    unfairness to both potential plaintiffs and Safeco, the Court should exercise its discretion to not

9    extend its supplemental jurisdiction over Plaintiff's state law claims.  See Edwards v. City of

10   Long Beach, 467 F. Supp. 2d 986, 992 (C.D. Cal. 2006) ("If both a § 216(b) collective action

11   and Rule 23 class action were allowed to proceed, confusion would result from requiring

12   potential plaintiffs to both opt-in and opt-out of the claims in the suit."); see also Jackson v. City

13   of San Antonio, 220 F.R.D. 55, 59-60 (W.D. Tex 2003) (refusing to exercise supplemental

14   jurisdiction because "the simultaneous management of the two 'irreconcilable' procedures for

15   class formation is unwieldy . . ." [and] "would detract from the efficient resolution of the

16   substantive dispute . . ."); see also McClain v. Leona's Pizzeria, Inc., 222 F.R.D. 574, 577-78

17   (N.D. Ill. 2004) (Section 1367 supplemental jurisdiction not intended to be used "as a rake to

18   drag as many members as possible into what would otherwise be a federal collective action.")

19            **b.**        **The State Law Claims are Substantively Different From**
                            **Plaintiff's FLSA Action and Predominate Over the Single**
20                          **FLSA Cause of Action**

21   In addition to being procedurally at odds, Plaintiff's federal and state travel time claims

22   are also substantively different as well.  Under federal law, an employer must compensate home

23   based employees for their travel time if their workday begins at home before they travel to their

24   first appointment and continues after they return home from their last appointment.  Dooley v.

25   Liberty Mut. Ins. Co., 307 F. Supp. 2d 234, 244 (D. Mass. 2004).  Under California law,

26   however, employee travel time will only be compensable if the travel time was "subject to the

27   employer's control."  Overton v. Walt Disney Co., 136 Cal. App. 4th 263, 270-71 (2006).  These

28   differing standards could result in different results.

1    In addition to substantive differences of the law applicable to Plaintiff's central theory of

2    the case, he also pursues causes of action premised on unique requirements of California law.

3    Specifically, Plaintiff pursues claims premised on California's requirement that employers

4    provide non-exempt employees with meal and break rest periods (Cal. Lab. Code §§ 226.7, 512

5    and Indus. Welfare Comm'n Order No. 4-2001), and itemized wage statements (Cal. Lab. Code

6    § 226).  Neither of these are a requirement under the FLSA.  Even Plaintiff's federal and

7    California overtime claims differ.  Under the FLSA, employees are only entitled to overtime

8    when they work in excess of forty hours in week.  Under California law, employees are entitled

9    to overtime when they work in excess of eight hours in a day and forty hours in a week.  Cal.

10   Lab. Code § 510.  As Plaintiff's Complaint is both numerically and substantively devoted to his

11   California causes of action (including a claim under the Business and Professions Code), the

12   state law claims clearly predominate over the single FLSA cause of action.  While this Court is

13   capable of adjudicating the California causes of action, given the procedural and substantive

14   incompatibilities of the state claims with the FLSA allegations, why would it want to?  Instead,

15   these predominant California claims should left to a California court or labor commissioner to

16   decide in a setting where there is no concern that procedural differences will result in substantive

17   harms.  See De Luna-Guerrero v. North Carolina Grower's Ass'n, Inc., 338 F. Supp. 2d 649,

18   652-53 (E.D.N.C. 2004) (declining supplemental jurisdiction over North Carolina Wage and

19   Hour Act claims, citing potential for confusion by plaintiffs, the differing substantive rights of

20   the various proposed classes, and the conflict between Rule 23 opt out procedures and FLSA opt

21   in requirements).  Accordingly, the Court should decline to exercise its supplemental jurisdiction

22   over these distinct state claims and grant Defendant's Motion to Dismiss as requested.

23   **V.    CONCLUSION**

24   As Plaintiff has not even pled facts sufficient to demonstrate that he has suffered an

25   actual harm due to the theories which he puts forth in his Complaint, he is constitutionally barred

26   from pursuing this litigation on behalf of himself or anyone else.  Notwithstanding Plaintiff's

27   lack of standing, his Complaint is substantively flawed as well.  Plaintiff should not be allowed

28   to pursue a federal "opt in" collective action and then nullify the rights of collective action

1    members by also pursuing a Rule 23 "opt out" class action dealing with wholly separate and

2    different California claims.  These two mechanisms are procedurally and substantively at odds

3    and should not exist in a single lawsuit.  Accordingly, Safeco respectfully requests that the Court

4    grant its Motion to Dismiss/Strike as requested herein.

5

6    Dated:  August 2, 2007                              WILSON SONSINI GOODRICH & ROSATI
                                                         Professional Corporation
7
                                                         By: /s/ Fred W. Alvarez
8                                                             Fred W. Alvarez

9                                                        Attorneys for Defendant Safeco Insurance
                                                         Company of America
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEF.'S MOTION TO DISMISS/STRIKE
PLAINTIFF'S COMPLAINT UNDER [F.R.C.P.          -15-                          3164991_3.DOC
12b(6) and 12(f)]; CASE NO. C 07 2746